**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JOHN SCHLECHTWEG,

 *Plaintiff*,

v.

CELULARITY, INC.,

 *Defendant*.

Civil Action No. 22-CV-01356
(JMV)(ESK)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

  This case arises out of the employer-employee relationship between the parties and an alleged verbal contract changing the employee's role and compensation. Plaintiff John Schlechtweg sued Celularity, Inc. ("Celularity") for breach of contract and unjust enrichment in connection with his work on an asset sale on behalf of Celularity. Currently pending before the Court is Defendant's motion to dismiss Plaintiff's Amended Complaint. D.E. 45. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Defendant's motion is **GRANTED in part** and **DENIED in part**.

---

[1] Defendant's motion to dismiss, D.E. 45 ("Br."); Plaintiff's opposition, D.E. 47 ("Opp."); and Defendant's reply in further support of their motion to dismiss, D.E. 52 ("Reply").

I.  **BACKGROUND**[2]

Plaintiff began working for Celularity as its Director of Strategic Accounts in Spring 2018. D.E. 16 ("Am. Compl.") ¶ 10.  In this role, Plaintiff managed a sales team tasked with selling Celularity's wound care products and Biologics portfolio to hospitals, physician practices, and governmental entities. *Id.* ¶ 10.  Before starting, Plaintiff and Defendant signed a document dated March 31, 2018 which described itself as an "offer of employment," (the "Employment Agreement") and set forth Plaintiff's role, compensation, benefits, vacation, and other terms.  D.E. 45-3, Ex. A.

The Employment Agreement includes the following provision:

> This letter agreement, and the enclosed Proprietary Information and Inventions Agreement, constitute the complete agreement between you and Celularity, and supersede any prior agreements, representations or understandings between you and Celularity.  This letter agreement may not be amended or modified except by an express written agreement signed by both you and an authorized officer of Celularity.

*Id.*

In 2019, Celularity's CEO, Dr. Robert Hariri, and President, Dr. Steve Brigido, decided to pursue a sale or lease of the company's wound care assets.  Am. Compl. ¶ 21.  This step was part of a larger strategy to enhance Celularity's marketability as a potential merger partner.  *Id.* ¶¶ 22-23.  Dr. Brigido approached Plaintiff on or about September 15, 2019 and asked Plaintiff to change his primary job function to work on the sale or lease of Celularity's wound care assets.  *Id.* ¶ 24. Dr. Brigido stated that Plaintiff would be "handsomely rewarded" if he was able to sell or lease

---

[2] The Factual Background is taken from Plaintiff's Amended Complaint.  The Court also considered the Employment Agreement (defined below) because it is integral to the pleading and is directly referenced in the Amended Complaint. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (explaining that when deciding a motion to dismiss under Rule 12(b)(6), a court may rely on "a document *integral to or explicitly relied* upon in the complaint" (emphasis in original) (citation omitted)).

2

the wound care assets. *Id.* Plaintiff contends that his acceptance of this offer was a "Verbal Contract."

Plaintiff was concerned that this change of role would prevent him from earning sales incentive compensation, which was tied to his team's sale of products to hospitals, medical practices, and governmental agencies. *Id.* ¶ 26. Despite these reservations, and in reliance on Dr. Brigido's promise of a "handsome[] reward[]," Plaintiff decided to accept the new role and began working towards the sale of the wound care assets. *Id.* ¶¶ 27-29. Plaintiff ceased his prior function of selling products to hospitals, medical practices, and governmental agencies, which resulted in a reduction of his overall compensation. *Id.* ¶ 35.

As a result of Plaintiff's efforts, an agreement to purchase and license the wound care assets was successfully negotiated. *Id.* ¶ 36. The sale closed on or about August 10, 2020 for a purchase price of $24 million. *Id.* ¶ 38. The sale also created an expectation of significant licensing royalties, and "improved Celularity's value as a merger partner." *Id.* ¶¶ 38, 40. As a result of this improved value, Celularity's overall strategy was realized, and a merger was announced on January 8, 2021. *Id.* ¶ 40.

Immediately after the asset sale, Plaintiff asked Dr. Brigido when he would receive compensation for his role in procuring the sale. *Id.* ¶ 41. Dr. Brigido stated that "he and Dr. Hariri were working on the compensation package," and later told Plaintiff "You have my word hang tight, working with Bob [Hariri]." *Id.* ¶ 41. Plaintiff asked Dr. Brigido numerous times about his compensation in connection with the asset sale, and Dr. Brigido consistently responded that he was "trying to get the payment for Mr. Schlechtweg." *Id.* ¶ 42. On or about December 4, 2020, Dr. Brigido stated that a decision on Plaintiff's compensation was "with comp committee." *Id.* ¶ 44. Celularity never paid Plaintiff for his work in connection with the asset sale. *Id.* ¶ 46.

Plaintiff filed the Amended Complaint in the United States District Court for the District of Connecticut on August 18, 2021. The Amended Complaint alleges breach of contract and, in the alternative, unjust enrichment. On February 23, 2022, the Connecticut court granted Defendant's motion to dismiss for lack of personal jurisdiction and transferred the action to this District. D.E. 33. The current motion followed.[3]

## II.   STANDARD OF REVIEW

Defendant moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions

---

[3] While Plaintiff did not timely file its opposition brief initially, the Court granted Plaintiff's request for an extension of time. D.E. 51.

disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint in the manner most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

**III. ANALYSIS[4]**

As to the breach of contract claim, Defendant argues that (1) Plaintiff's claim is barred by the Employment Agreement and (2) that the alleged contract is not sufficiently definite. Defendant further contends that Plaintiff has not adequately pled unjust enrichment.

**A. Count One - Breach of Contract**

Plaintiff alleges that the Verbal Contract was formed when he agreed to pursue the asset sale on behalf of Celularity in exchange for a "handsome[] reward[]" should he succeed, and that Celularity breached that contract by refusing to compensate him despite his success. Am. Compl. ¶¶ 24-29, 46. To state a claim for breach of contract under New Jersey law, a party must allege (1) the existence of a contract; (2) breach of the contract; (3) damages as a result of the breach; and (4) that the complaining party performed its own duties under the contract. *Pollack v. Quick Quality Restaurants, Inc.*, 452 N.J. Super. 174, 188 (App. Div. 2017) (citing *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (2016)). A contract "must be sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty." *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992). Courts will not enforce a contract "[w]here the parties do not

---

[4] Both parties rely on New Jersey law in their submissions and the Employment Agreement states that it is to be governed by New Jersey law. Additionally, the parties do not address any choice of law issue. Thus, the Court also relies on New Jersey law in assessing Plaintiff's claims for the purpose of deciding this motion.

agree to one or more essential terms." *Id.* "New Jersey law deems the price term, *i.e.*, the amount of compensation, an essential term of any contract." *Baer v. Chase*, 392 F.3d 609, 619 (3d Cir. 2004) (citing *MDC Inv. Prop., L.L.C. v. Marando*, 44 F. Supp. 2d 693, 698-99 (D.N.J. 1999)).

A threshold question, however, is whether the alleged Verbal Contract was permissible given the Employment Agreement's clause stating that all amendments and modifications had to be in a writing signed by the parties. Defendant argues that this clause precludes the alleged Verbal Contract. The Amended Complaint alleges that the verbal agreement was not an amendment or modification of the Employment Agreement, but rather was a distinct contract. Am. Compl. ¶ 48.; *see also* Opp. at 14.

The parties do not point to any authority holding that a clause, such as the one present here, prevents the parties-as a matter of law-from forming new contractual agreements outside the scope of the initial contract. The only authority cited by Defendant on this point, *Inter-City Tire Auto Center v. Uniroyal, Inc.*, 701 F. Supp. 1120 (D.N.J. 1988), *aff'd*, 888 F.2d 1380 (3d Cir. 1989), is inapposite. There, the court found that the parties' *prior* oral agreements were nullified by a subsequent written contract containing a merger clause. *Id.* at 1126. Here, by comparison, the Amended Complaint alleges that a written contract was in place, and a distinct oral contract was formed later. Moreover, parties may waive a clause prohibiting oral modification by entering into an otherwise valid contract. *See Stags Leap Ranch Dev., LLC v. Sevenson Env't Servs., Inc.*, No. 17-2863, 2018 WL 4522041, at *2 (D.N.J. Sept. 21, 2018) ("[U]nder common law, parties may waive a 'no oral modification' clause by entering into an otherwise enforceable oral agreement." (citations omitted)); *McGrath v. Poppleton*, 550 F. Supp. 2d 564, 571 (D.N.J. 2008) (same); *see also SPJ, Inc. v. W2005/Fargo Hotels (Pool C) Realty, L.P.*, No. L-1983-08, 2010 WL 4237371, at *9 (App. Div. Oct. 28, 2010) ("[A] court may conclude that the parties to a contract have

6

modified its terms by a subsequent oral agreement, even if the contract purported to allow only for written changes . . . ."); *Foster v. McGee*, No. FM-04-652-05, 2009 WL 3078729, at *6 (App. Div. Sept. 28, 2009) ("[A] provision of a contract can be modified orally or by conduct even if the agreement requires that all modifications be in writing."). Thus, the Court cannot find at this stage that the alleged Verbal Contract was prohibited-as a matter of law-by the Employment Agreement.

The alleged Verbal Contract is nevertheless deficiently asserted. The Amended Complaint alleges that Dr. Brigido asked Plaintiff to "change his primary job function and instead work on the task of selling and licensing Celularity's wound care assets." Am. Compl. ¶ 24. In exchange, Dr. Brigido, on behalf of Celularity, offered to "handsomely reward[]" Plaintiff if he was "able to sell or lease the assets." *Id.* Plaintiff does not allege any more specific agreement as to price or the manner in which the "handsome[] reward[]" was to be determined. As noted, to form a valid contract under New Jersey law, the parties must agree on all essential terms, one of which is price, or a method by which price can be determined. *Baer*, 392 F.3d at 619.

In *Baer*, the parties orally agreed that if the television show *The Sopranos* became a "success," then defendant would "take care of" plaintiff, who assisted in developing the idea for the show, and "remunerate [plaintiff] in a manner commensurate to the true value of [his services]." *Id.* at 614. The Third Circuit noted the "well-established requirement that enforceability of a contract requires definiteness with respect to the essential terms of that contract," and found the alleged verbal contract to be insufficiently definite because the parties never agreed to the value of the plaintiff's services and there was nothing in the parties' conduct or relationship that could help answer that question. *Id.* at 620-21. The same is true here. Because the Amended Complaint does not allege a price term, or any method of determining the form or amount of the "handsome[] reward[]" allegedly promised, Plaintiff has not plausibly pled that a

7

valid contract existed. *See Gant v. Ragone*, Civ. No. 20-01727, 2020 WL 6797125, at *8 (D.N.J. Nov. 19, 2020) (dismissing breach of contract claim where plaintiff alleged a verbal contract with defendant but did "not allege any facts to demonstrate that the parties agreed on a price term, agreed how [plaintiff] was to be compensated, or agreed on a method for determining compensation"). As a result, Count One of the Amended Complaint is dismissed for failure to state a claim.

Plaintiff points to *Lind v. Schenley Indus., Inc.*, 278 F.2d 79 (3d Cir. 1960), and argues that the missing price term is a gap that can be filled. *Lind*, however, considered gap filling as to as to the date when the contract commenced and was terminated. *Id.* at 86. The Third Circuit, applying New York law, found that the jury made reasonable findings as to those dates and noted that it would be unjust to deny compensation where "the facts afford a reasonable basis for filling the contractual lacunae." *Id.* at 87. Here, Plaintiff's allegation that the verbal agreement promised a "handsome[] reward[]" provides no reasonable basis to determine his compensation.

Plaintiff also relies on *Juster Acquisition Co. v. N. Hudson Sewerage Auth.*, No. 12-3427, 2014 WL 268652 (D.N.J. Jan. 23, 2014), to argue that price is not an essential term. There, the court held that price was not an essential term to an exclusivity provision, and specifically noted that it was not considering a service agreement. *Id.* at *13. Further, the court noted that it was possible for the exclusivity provision to be performed "without ever having to pay a 'price'". *Id.* In contrast, here, Plaintiff alleges a verbal employment contract where price (compensation) is the only asserted benefit. Without a price for Plaintiff's services, or a method for determining that price, the alleged verbal agreement is missing an essential term.

### B. Count Two - Unjust Enrichment

Plaintiff alleges, in the alternative, that Defendant was unjustly enriched by Plaintiff's uncompensated efforts to sell and lease the wound care assets. To state a claim for unjust enrichment, a party must allege "'(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable.'" *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 519 (D.N.J. 2009), *aff'd,* 374 F. App'x 341 (3d Cir. 2010). "New Jersey's doctrine of unjust enrichment serves to protect a party's interest where an adequate remedy does not exist at law and equity demands restitution." *Cooper v. Samsung Elecs. Am., Inc.*, No. 07-3853, 2008 WL 4513924, at *9 (D.N.J. Sept. 30, 2008), *aff'd,* 374 F. App'x 250 (3d Cir. 2010).[5]

The Amended Complaint alleges that Defendant benefitted from Plaintiff's successful efforts to sell and lease Celularity's wound care assets. Am. Compl. ¶ 75. Specifically, Celularity received $24 million in sale proceeds, an expectation of licensing royalties, and improvement of Celularity's value as a merger partner. *Id.* ¶¶ 65, 67. Dr. Brigido previously made assurances that Plaintiff would be "handsomely rewarded" should he succeed in procuring an asset sale, asked Plaintiff to change his role in reliance on that promise, and, after the sale, continued to assure Plaintiff that such reward would be forthcoming. *Id.* ¶¶ 53, 69-74. Defendant then "refused to

---

[5] "Quasi-contract liability will not be imposed when a valid, unrescinded contract governs the rights of the parties." *Duffy v. Charles Schwab & Co.*, 123 F. Supp. 2d 802, 814 (D.N.J. 2000). As noted, the Court cannot determine at this stage that the Employment Agreement prohibits-as a matter of law-the alleged subsequent contract here. Moreover, while a plaintiff may not *recover* on both a breach of contract and unjust enrichment claim, *Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 311 (3d Cir. 1982), the Federal Rules permit a party to plead such theories in the alternative. Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); *Myers v. MedQuist, Inc.*, No. 05-4608, 2006 WL 3751210, at *8 (D.N.J. Dec. 20, 2006) (holding that, at the motion to dismiss stage, a plaintiff may "maintain a claim for unjust enrichment while at the same time pleading that a valid contract existed").

pay Mr. Schlechtweg despite the fact that his efforts enriched Defendant in an amount exceeding $24 million." *Id.* ¶ 74. These allegations, accepted as true for purposes of this motion, plausibly plead that Celularity received a benefit from Plaintiff and that it would be unjust for Celularity to retain that benefit without compensating Plaintiff. Thus, they are sufficient to state a claim for unjust enrichment.

Defendant argues that the unjust enrichment claim must be dismissed because it is an "impermissible attempt at an end-run around the significant compensation he was already receiving under his employment agreement." Br. at 13. The Court disagrees. Plaintiff has alleged that a subsequent oral contract was formed, distinct from the initial Employment Agreement, under which Plaintiff was led to believe that additional "reward" would be forthcoming if he was successful in procuring an asset sale. In other words, Plaintiff has pled a reasonable expectation of additional compensation.

The motion to dismiss Count Two of the Amended Complaint is denied.

IV.   **CONCLUSION**

For the reasons stated herein, Defendant's motion to dismiss the Amended Complaint is **GRANTED in part** and **DENIED in part**. Plaintiff may file an amended complaint that cures the identified deficiencies as to Count One within thirty (30) days. If Plaintiff does not file an amended complaint within this time, Count One will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: September 23, 2022

*/s/ John Michael Vazquez*<br>
John Michael Vazquez, U.S.D.J.